JM:SMH
F.#2010R01379

OCT 28 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

GUSTAVE DRIVAS,
YURI KHANDRIUS,
MAKSIM SHELIKHOV,
IRINA SHELIKHOVA,
KATHERINA KOSTIOCHENKO,
    also known as "Katya,"
SERGEY V. SHELIKHOV,
LEONID ZHELEZNYAKOV,
    also known as
    "Lyonya" and "Lenny,"
LARISA SHELABADOVA,
ALEXANDER ZARETSER,
ANATOLY KRAITER,
    also known as "Tolik,"
VLADIMIR KORNEV and
YELENA GALPER,

        Defendants.

- - - - - - - - - - - - - - - -X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 10-771 (S-1)(NG)
(T. 18, U.S.C., §§ 371,
982(a)(1), 982(a)(7),
982(b), 1347, 1349,
1956(a)(1)(B)(i), 1956(h),
2 and 3551 et seq.)

THE GRAND JURY CHARGES:

### INTRODUCTION

    At all times relevant to this Superseding Indictment,

unless otherwise indicated:

I.   Background

    A.   The Medicare Program

        1.   The Medicare program ("Medicare") was a federal

health care program providing benefits to individuals aged 65

and over and to certain disabled persons.  Medicare was

administered by the Centers for Medicare and Medicaid Services,
a federal agency under the United States Department of Health
and Human Services. Individuals who received benefits under
Medicare were referred to as Medicare "beneficiaries." The
physician who provided a service to a beneficiary or ordered
that a service be provided to a beneficiary was referred to as a
"rendering physician."

2. Medicare was a "health care benefit program," as
defined by Title 18, United States Code, Section 24(b).

3. Medicare included coverage under several
components, including hospital insurance ("Part A") and medical
insurance ("Part B"). Medicare Part B covered the costs of
physicians' services and outpatient care, including physical
therapy and diagnostic tests. Medicare Part B covered these
costs only if, among other requirements, they were medically
necessary and ordered by a physician.

4. A medical provider certified to participate in
Medicare, whether a clinic or an individual, was assigned a
provider identification number ("PIN") for billing purposes. A
medical provider rendering a service was required to use its
assigned PIN when submitting a claim for reimbursement to
Medicare.

2

5. A medical provider was permitted to submit claims to Medicare only for services actually rendered and was required to maintain patient records verifying the provision of services.

6. To receive reimbursement for a covered service from Medicare, a medical provider was required to submit a claim, either electronically or in writing. The claim had to include information identifying the medical provider, the rendering physician, the patient and the services rendered. By submitting the claim, the provider was certifying, among other things, that the services were rendered to the patient and were medically necessary.

7. Medicare provider claims included "billing codes," which were numbers that referred to specific descriptions of medical services. Medicare reimbursed medical providers a set fee for many billing codes.

B. Relevant Entities and the Defendants

(1) The Medical Clinics

8. Bay Medical Care PC ("Bay Medical") was a New York State corporation doing business in Brooklyn, New York. Bay Medical was certified to participate in the Medicare program. Bay Medical purported to provide, among other things, physical therapy, nerve conduction tests, Doppler echocardiography and allergy services to Medicare beneficiaries.

3

9.    SVS Wellcare Medical PLLC ("SVS") was a New York State corporation doing business in Brooklyn, New York. SVS was certified to participate in the Medicare program. SVS purported to provide, among other things, physical therapy, nerve conduction tests, vestibular function tests, allergy services, sleep studies and vitamin infusions to Medicare beneficiaries.

10.    SZS Medical Care PLLC ("SZS") was a New York State corporation doing business in Brooklyn, New York. SZS was certified to participate in the Medicare program. SZS purported to provide, among other things, physical therapy, nerve conduction tests, vestibular function tests, allergy services, sleep studies, vitamin infusions, lab services, podiatry services and urology services to Medicare beneficiaries.

11.    At various times, Bay Medical, SVS and SZS (collectively, the "Medical Clinics") were located at 7612 Bay Parkway, Brooklyn, New York, 7616 Bay Parkway, Brooklyn, New York, and 8686 Bay Parkway, Brooklyn, New York.

(2)    The Defendants

12.    The defendant GUSTAVE DRIVAS was the owner and President of Bay Medical, a managing employee of SVS and an owner of SZS. DRIVAS was also a rendering physician at the Medical Clinics.

13.    The defendant YURI KHANDRIUS was an employee at the Medical Clinics.

4

14.    The defendant MAKSIM SHELIKHOV was an authorized signatory on an SZS bank account. Among other things, MAKSIM SHELIKHOV recruited and directed the individuals who conducted financial transactions for the Medical Clinics.  MAKSIM SHELIKHOV also conducted financial transactions for the Medical Clinics.

15.    The defendant IRINA SHELIKHOVA was an authorized signatory on bank accounts of the Medical Clinics.  Among other things, SHELIKHOVA managed the daily operations of the Medical Clinics and worked with MAKSIM SHELIKHOV to direct the individuals who conducted financial transactions for the Medical Clinics. IRINA SHELIKHOVA also conducted financial transactions for the Medical Clinics.

16.    The defendants KATHERINA KOSTIOCHENKO, also known as "Katya," SERGEY V. SHELIKHOV, and LEONID ZHELEZNYAKOV, also known as "Lyonya" and "Lenny," were employees at the Medical Clinics.

17.    The defendants LARISA SHELABADOVA, ALEXANDER ZARETSER, ANATOLY KRAITER, also known as "Tolik," VLADIMIR KORNEV, and YELENA GALPER conducted financial transactions for the Medical Clinics.

II.   The Fraudulent Scheme

18.    From approximately March 2005 to July 2010, the defendants GUSTAVE DRIVAS, YURI KHANDRIUS, MAKSIM SHELIKHOV,

5

IRINA SHELIKHOVA, KATHERINA KOSTIOCHENKO, also known as "Katya,"
SERGEY V. SHELIKHOV, and LEONID ZHELEZNYAKOV, also known as
"Lyonya" and "Lenny," together with others, agreed to execute
and executed a fraudulent scheme in which they paid cash
kickbacks to Medicare beneficiaries to induce those
beneficiaries to receive unnecessary physicians' services,
physical therapy and diagnostic tests.  The defendants also
created fraudulent medical records for these beneficiaries
which, among other things, falsely reflected that the
beneficiaries received medical services that were never provided
and falsely indicated that prescribed treatments were medically
necessary when, in reality, they were not.  The defendants then
caused the submission of false and fraudulent claims to Medicare
on behalf of the Medical Clinics and rendering physicians that
sought reimbursement for the services listed in the fraudulent
medical records.  As a result of this fraudulent scheme, the
Medical Clinics submitted more than $71 million in fraudulent
claims to Medicare.  Medicare reimbursed approximately $47
million of these claims to the Medical Clinics, all of which
they were not lawfully entitled to receive.

19.  The defendants MAKSIM SHELIKHOV, IRINA SHELIKHOVA
and others thereafter wrote checks from the Medical Clinics'
bank accounts that received Medicare reimbursements to companies
controlled by the defendants LARISA SHELABADOVA, ALEXANDER

6

ZARETSER, ANATOLY KRAITER, also known as "Tolik," VLADIMIR

KORNEV and YELENA GALPER. These checks did not represent payment

for any legitimate service at or for the Medical Clinics, but

rather were written to launder the Medical Clinics' fraudulently

obtained health care proceeds. LARISA SHELABADOVA, ALEXANDER

ZARETSER, ANATOLY KRAITER, VLADIMIR KORNEV, YELENA GALPER and

others negotiated and cashed these checks and provided the cash

back to MAKSIM SHELIKHOV, IRINA SHELIKHOVA and others. MAKSIM

SHELIKHOV, IRINA SHELIKHOVA and others then diverted the cash to

their own personal use and that of their co-conspirators' and

used it to pay illegal cash kickbacks to the Medical Clinics'

purported patients.

COUNT ONE

(Conspiracy to Commit Health Care Fraud)

20. The allegations contained in paragraphs 1 through

19 are realleged and incorporated as if fully set forth in this

paragraph.

21. In or about and between March 2005 and July 2010,

both dates being approximate and inclusive, within the Eastern

District of New York and elsewhere, the defendants GUSTAVE

DRIVAS, YURI KHANDRIUS, MAKSIM SHELIKHOV, IRINA SHELIKHOVA,

KATHERINA KOSTIOCHENKO, also known as "Katya," SERGEY V.

SHELIKHOV and LEONID ZHELEZNYAKOV, also known as "Lyonya" and

"Lenny," together with others, did knowingly and willfully

conspire to execute a scheme and artifice to defraud Medicare, a

7

health care benefit program, and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, Medicare, in connection with the delivery of and payment for health care benefits, items and services, contrary to Title 18, United States Code, Section 1347.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
(Conspiracy to Pay Health Care Kickbacks)

22.   The allegations contained in paragraphs 1 through 19 are realleged and incorporated as though fully set forth in this paragraph.

23.   In or about and between March 2005 and July 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GUSTAVE DRIVAS, YURI KHANDRIUS, MAKSIM SHELIKHOV, IRINA SHELIKHOVA, KATHERINA KOSTIOCHENKO, also known as "Katya," SERGEY V. SHELIKHOV and LEONID ZHELEZNYAKOV, also known as "Lyonya" and "Lenny," together with others, did knowingly and willfully conspire to offer and pay cash kickbacks, directly and indirectly, overtly and covertly, to Medicare beneficiaries to induce those beneficiaries to refer other Medicare beneficiaries to Bay Medical, SVS and SZS for the furnishing and arranging for the furnishing of items and services for which payment may be

8

made in whole and in part under Medicare, to purchase, lease, order and arrange for and recommend purchasing, leasing and ordering goods, services and items for which payment may be made in whole and in part under Medicare, contrary to Title 42, United States Code, Section 1320a-7b(b)(2).

24. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants GUSTAVE DRIVAS, YURI KHANDRIUS, MAKSIM SHELIKHOV, IRINA SHELIKHOVA, KATHERINA KOSTIOCHENKO, SERGEY V. SHELIKHOV and LEONID ZHELEZNYAKOV, together with others, committed and caused to be committed, among others, the following:

OVERT ACTS

      a.    On or about December 23, 2009, the defendant SERGEY V. SHELIKHOV told a confidential source whose identity is known to the Grand Jury ("CS-2") that CS-2 needed to visit the Medical Clinics a minimum of six times to receive a payment.

      b.    On or about December 30, 2009, the defendant LEONID ZHELEZNYAKOV told CS-2 that CS-2 needed more than four visits to be placed on a list of individuals who would receive a payment.

      c.    On or about January 13, 2010, a co-conspirator whose identity is known to the Grand Jury told CS-2 to sign in with the defendant LEONID ZHELEZNYAKOV to receive a payment.

      d.    On or about March 25, 2010, the defendant KATHERINA KOSTIOCHENKO offered and paid CS-2

9

for past visits to the Medical Clinics by
CS-2.

e.   On or about May 7, 2010, the defendant
KATHERINA KOSTIOCHENKO offered and paid cash
to a Medicare beneficiary whose
identity is known to the Grand Jury ("Jane
Doe 2") to induce Jane Doe 2 to receive
medical services at the Medical Clinics and
for past visits to the Medical Clinics by
Jane Doe 2.

(Title 18, United States Code, Sections 371 and 3551
et seq.)

## COUNT THREE
(Health Care Fraud)

25.   The allegations contained in paragraphs 1 through
19 are realleged and incorporated as if fully set forth in this
paragraph.

26.   In or about and between March 2005 and July 2010,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendants GUSTAVE
DRIVAS, YURI KHANDRIUS, MAKSIM SHELIKHOV, IRINA SHELIKHOVA,
KATHERINA KOSTIOCHENKO, also known as "Katya," SERGEY V.
SHELIKHOV and LEONID ZHELEZNYAKOV, also known as "Lyonya" and
"Lenny," together with others, did knowingly and willfully
execute and attempt to execute a scheme and artifice to defraud
Medicare, and to obtain, by means of materially false and
fraudulent pretenses, representations and promises, money and
property owned by, and under the custody and control of,

10

Medicare, in connection with the delivery of and payment for health care benefits, items and services.

(Title 18, United States Code, Sections 1347, 2 and 3551 et seq.)

## COUNT FOUR
### (Money Laundering Conspiracy)

27. The allegations contained in paragraphs 1 through 19 are realleged and incorporated as if fully set forth in this paragraph.

28. In or about and between March 2005 and July 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MAKSIM SHELIKHOV, IRINA SHELIKHOVA, LARISA SHELABADOVA, ALEXANDER ZARETSER, ANATOLY KRAITER, also known as "Tolik," VLADIMIR KORNEV and YELENA GALPER, together with others, did knowingly and intentionally conspire to conduct financial transactions affecting interstate commerce, specifically: inter-account transfers of funds and the making, cashing and depositing of checks, which transactions involved the proceeds of specified unlawful activity, specifically: health care fraud, in violation of Title 18, United States Code, Section 1347, and conspiracy to defraud the United States, contrary to Title 18, United State Code, Section 371, knowing that the property involved in such financial transactions represented the proceeds of some form of unlawful activity, and knowing that such financial transactions

11

were designed in whole and in part to conceal and disguise the
nature, the location, the source, the ownership, and the control
of the proceeds of the specified unlawful activity, contrary to
Title 18, United States Code, Section 1956(a)(1)(B)(i).

   (Title 18, United States Code, Sections 1956(h) and
3551 et seq.)

### COUNTS FIVE THROUGH SIXTEEN
(Money Laundering)

   29. The allegations contained in paragraphs 1 through
19 are realleged and incorporated as if fully set forth in this
paragraph.

   30. On or about the dates identified below, within
the Eastern District of New York and elsewhere, the defendants
identified below did knowingly and intentionally conduct and
attempt to conduct one or more financial transactions affecting
interstate commerce, which financial transactions involved the
proceeds of specified unlawful activity, specifically: health
care fraud, in violation of Title 18, United States Code,
Section 1347, and conspiracy to defraud the United States,
contrary to Title 18, United State Code, Section 371, knowing
that the property involved in such financial transactions
represented the proceeds of some form of unlawful activity and
knowing that such transactions were designed in whole and in
part to conceal and disguise the nature, the location, the

source, the ownership and the control of the proceeds of the
specified unlawful activity, as set forth below:

| | | | |
|---|---|---|---|
| FIVE | IRINA SHELIKHOVA | 5/14/09 | Negotiated SZS Medical Care PLLC check number 1887 in the approximate amount of $6,400 to Ania Development Inc. |
| SIX | LARISA SHELABADOVA | 5/14/09 | Negotiated SZS Medical Care PLLC check number 1887 in the approximate amount of $6,400 using Ania Development, Inc. account ending in 9606 |
| SEVEN | IRINA SHELIKHOVA | 5/20/09 | Negotiated SZS Medical Care PLLC check number 1914 in the approximate amount of $8,070 to Ania Development |
| EIGHT | LARISA SHELABADOVA | 5/20/09 | Negotiated SZS Medical Care PLLC check number 1914 in the approximate amount of $8,070 using Ania Development, Inc. account ending in 9606 |
| NINE | IRINA SHELIKHOVA | 5/15/09 | Negotiated SZS Medical PLLC check number 1891 in the approximate amount of $7,100 to DK Best Advertising |
| TEN | ALEXSANDER ZARETSER | 5/15/09 | Negotiated SZS Medical PLLC check number 1891 in the approximate amount of $7,100 using DK Best Advertising Inc. account ending in 9333 |

| ELEVEN | IRINA SHELIKHOVA | 5/20/09 | Negotiated SZS Medical Care PLLC check number 1919 in the approximate amount of $5,450 to DK Best Advertising |
| TWELVE | ALEXSANDER ZARETSER | 5/20/09 | Negotiated SZS Medical Care PLLC check number 1919 in the approximate amount of $5,450 using DK Best Advertising, Inc. account ending in 9333 |
| THIRTEEN | IRINA SHELIKHOVA | 3/20/09 | Negotiated SZS Medical PLLC check number 1769 in the approximate amount of $8,500 to Kolkneva Entertainment Inc. |
| FOURTEEN | ANATOLY KRAITER | 3/20/09 | Negotiated SZS Medical PLLC check number 1769 in the approximate amount of $8,500 using Kolkneva Entertainment Inc. account ending in 6689 |
| FIFTEEN | MAKSIM SHELIKHOV | 12/1/09 | Negotiated Bay Medical Care PC check number 1080 in the approximate amount of $21,500 to MT Billing |
| SIXTEEN | IRINA SHELIKHOVA | 12/21/09 | Negotiated SZS Medical Care PLLC check number 1265 in the approximate amount of $33,750 to MT Billing |

(Title 18, United States Code, Sections 1956(a)(1)(B)(i), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE THROUGH THREE

31.    The United States hereby gives notice to the defendants charged in Counts One through Three that, upon conviction of any such offenses, the Government will seek

14

forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of such offenses to forfeit any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses, including but not limited to, the following:

a.    approximately $526,229.96 seized from TD Bank Account No. 4245835545, held in the name of SZS Medical Care PLLC, and all proceeds traceable thereto;

b.    approximately $2,073,530.01 seized from Bank of America Account No. 483027813428, held in the name of SZS Medical Care PLLC, and all proceeds traceable thereto;

c.    approximately $727,000.00 seized from JPMorgan Chase Account No. 793100249, held in the name of Elena Girenko, and all proceeds traceable thereto;

d.    approximately $16,960.32 seized from JPMorgan Chase Account No. 798506416, held in the name of Elena Girenko and Aleksandr Spektor, and all proceeds traceable thereto;

e.    approximately $232,000 seized from TD Bank Account No. 4248689907, held in the name of Irina Shelikhova, and all proceeds traceable thereto;

15

f.    approximately $24,048.88 seized from TD Bank Account No. 7924571842, held in the name of Jonathan Wahl and/or Wahl Medical PC, and all proceeds traceable thereto;

g.    approximately $1,344,375.33 seized from National Government Services that would have otherwise been paid to SZS Medical Care PLLC, and all proceeds traceable thereto;

h.    approximately $41,000 in U.S. currency seized from 8686 Bay Parkway, Brooklyn, New York on or about July 16, 2010, and all proceeds traceable thereto;

i.    any and all right, title and interest in the real property and appurtenances, improvements, fixtures, attachments and easements known as 67 Nicolosi Loop, Staten Island, New York, and all proceeds traceable thereto;

j.    any and all right, title and interest in the real property and appurtenances, improvements, fixtures, attachments and easements known as 8686 Bay Parkway, Apt. 2C, Brooklyn, New York, and all proceeds traceable thereto;

k.    any and all right, title and interest in the real property and appurtenances, improvements, fixtures, attachments and easements known as 220 Tennyson Drive, Staten Island, New York, and all proceeds traceable thereto;

l.    any and all right, title and interest in the real property and appurtenances, improvements, fixtures,

16

attachments and easements known as 480 Tennyson Drive, Staten Island, New York, and all proceeds traceable thereto;

m. any and all right, title and interest in the real property and appurtenances, improvements, fixtures, attachments and easements known as 3149 Emmons Avenue, Unit R1, Brooklyn, New York, and all proceeds traceable thereto;

n. any and all right, title and interest in the real property and appurtenances, improvements, fixtures, attachments and easements known as 3149 Emmons Avenue, Unit R2, Brooklyn, New York, and all proceeds traceable thereto;

o. any and all right, title and interest in the real property and appurtenances, improvements, fixtures, attachments and easements known as 3149 Emmons Avenue, Commercial Unit, Brooklyn, New York, and all proceeds traceable thereto; and

p. the real property located at 360 East Madison Avenue, Cresskill, New Jersey 07626, in an amount to be proven at trial but believed to be at least $21,961.34.

32. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

17

        c.    has been placed beyond the jurisdiction of the court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

        (Title 18, United States Code, Sections 982(a)(7) and 982(b))

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS FOUR THROUGH SIXTEEN

    33.    The United States hereby gives notice to the defendants charged in Counts Four through Sixteen that, upon conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), of all property involved in each offense of conviction in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offenses, and all property traceable to such property.

    34.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

18

          a.   cannot be located upon the exercise of due diligence;

          b.   has been transferred or sold to, or deposited with, a third party;

          c.   has been placed beyond the jurisdiction of the court;

          d.   has been substantially diminished in value; or

          e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any

other property of such defendants up to the value of the

forfeitable property described in this forfeiture allegation.

（Title 18, United States Code, Sections 982(a)(1) and

982(b))

A TRUE BILL

_____

FOREPERSON

_____

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

_____

HANK BOND WALTER
DEPUTY CHIEF
CRIMINAL DIVISION, FRAUD SECTION
UNITED STATES DEPARTMENT OF JUSTICE

20

FORM DBD-34

JUN. 85

*No._10-CR-771_____   Action: _____*

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

### CRIMINAL *Division*

## THE UNITED STATES OF AMERICA

*vs.*

*GUSTAVE DRIVAS, YURI KHANDRIUS,*
*MAKSIM SHELIKHOV, IRINA SHELIKHOVA,*
*KATHERINA KOSTIOCHENKO, also known as "KATYA,"*
*SERGEY V. SHELIKHOV,*
*LEONID ZHELEZNYAKOV, also known as*
*"LYONYA" and "LENNY," LARISA SHELABADOVA,*
*ALEXANDER ZARETSER,*
*ANATOLY KRAITER, also known as "Tolik",*
*VLADIMIR KORNEV, and YELENA GALPER,*

Defendants.

# SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 371, 982(a)(1), 982(a)(7), 982(b),
1347, 1349,  1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(h), 2 and 3551 et seq.)

*A true bill.*

_____
                                        *Foreman*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                          *Clerk*

*Bail, $* _____

_____

*Sarah M. Hall, Trial Attorney, USDOJ (202-549-5864)*
*Stephen Meyer, Assistant U.S. Attorney (718-254-6386)*