UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                      Plaintiff,                  MEMORANDUM
                                                                   AND ORDER

    -against-

                                                                   10-CR-771 (NG)

GUSTAVE DRIVAS, et al.,

                      Defendants.
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       In this Medicare fraud prosecution, defendants Gustave Drivas ("Drivas") and Yuri Khandrius ("Khandrius") (collectively, "defendants") have each moved for a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. See Khandrius Motion for Bill of Particulars and Other Requested Relief ("Khandrius Mot.") ¶¶ 64-75, Electronic Case Filing Docket Entry ("DE") #244-1; Drivas Motion for Bill of Particulars ("Drivas Mot.") ¶¶ 64-72, DE #252.[1] The Government opposes both motions. See Government's Memorandum of Law in Opposition to Defendants' Pretrial Motions ("Gov. Opp.") at 15-19, DE #262. On June 19, 2012, the Honorable Nina Gershon referred defendants' respective motions for particulars to the undersigned magistrate judge. See Order (June 19, 2012), DE #267.

       For the reasons set forth below, the Court denies defendants' motions.

---

[1] A third defendant, Katherina Kostiochenko, also moved for a bill of particulars, see Notice of Motion, DE #235, but that motion has been held in abeyance pending the outcome of plea negotiations. See infra note 2.

## BACKGROUND

On July 16, 2010, federal agents raided Bay Medical Care P.C. ("Bay Medical"), a medical clinic in Brooklyn, and arrested seven individuals, including defendant Drivas. See Motion for Leave to Appeal Bail Conditions at 3-4, DE #158 (detailing procedural history). The arrests stemmed from an alleged scheme by Drivas and others to defraud Medicare by paying kickbacks to patients to agree to undergo unnecessary medical treatments and by billing Medicare for treatments that were never provided, as detailed in a 31-page Complaint and Affidavit in Support of an Application for Arrest Warrants ("Criminal Complaint"). See Criminal Complaint, DE #158-1. Although Drivas was named in the Criminal Complaint, defendant Khandrius was not. See generally id.

Three months later, the Government secured a sealed indictment against 11 individuals, including Drivas and Khandrius, charging them with a series of crimes, including conspiracy to commit health care fraud, arising out of the alleged Medicare scheme. See Indictment (filed Oct. 7, 2010), DE #1. The original indictment was superseded by another indictment in October 2011 (hereinafter, the "Superseding Indictment"). See Superseding Indictment (Oct. 28, 2011), DE #83.

The Superseding Indictment alleges, *inter alia*, that Drivas was the owner and rendering physician of Bay Medical, as well as the managing employee and/or owner of two related medical clinics, which, along with Bay Medical (collectively, the "Clinics"), were certified to participate in the Medicare program. See Superseding Indictment ¶¶ 8-12. In addition, Khandrius is identified in the Superseding Indictment as "an employee" of the

Clinics.  See id. ¶ 13.  According to the Superseding Indictment, from approximately March 2005 to July 2010, defendants and others "paid cash kickbacks to Medicare beneficiaries to induce those beneficiaries to receive unnecessary physicians' services, physical therapy and diagnostic tests," and "created fraudulent medical records" and "caused the submission of false and fraudulent claims to Medicare" on behalf of the Clinics.  Id. ¶ 18.  Although the Superseding Indictment charges Drivas and Khandrius with various crimes, it does not attribute any specific overt act to them.  See generally Superseding Indictment.

After the filing of the Superseding Indictment, the Government and defendants engaged in discovery.  See, e.g., Rule 16 Discovery Letter (Dec. 2, 2011), DE #148 (disclosing Medicare billing data to defendants' attorneys).  As part of this discovery, the Government provided defendants with, among other things, patient records seized from Bay Medical pursuant to a search warrant, as well as "a list of Medicare beneficiaries whom were paid cash kickbacks for whom defendant Gustave Drivas was the rendering physician[.]"  Rule 16 Discovery Letter (Mar. 2, 2012), DE #201.

On May 18, 2012, Khandrius filed his motion for a bill of particulars, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure.  See Khandrius Mot. ¶¶ 64-75.  Two weeks later, Drivas filed a nearly verbatim motion for a bill of particulars.  See Drivas Mot. ¶¶ 64-72.  Neither motion explicitly specifies what additional information defendants are seeking from the Government.  See id.; Khandrius Mot. ¶¶ 64-75.  The Government, in opposition, notes the absence of any specific request and argues that defendants "have already been provided numerous sources of information that, viewed together, belie any claim that they are

unaware of the nature of the charges against [them]." Gov. Opp. at 18.

Given the lack of any particularized request for further information, this Court issued an order directing Drivas and Khandrius "to identify in writing," by July 9, 2012, what "additional information they claim that they need to understand the nature of the charges against them." Order (July 2, 2012) ("7/2/12 Order"), DE #284. Neither defendant has responded to the Court's Order.

## DISCUSSION

"Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987); accord, United States v. Rigas, 490 F.3d 208, 237 (2d Cir. 2007). The law is clear, however, that a bill of particulars may not be used by the defense as a discovery device or general investigative tool. See United States v. Barret, 824 F.Supp.2d 419, 438 (E.D.N.Y. 2011) (collecting cases).

Ultimately, it is the defendant who bears the burden of showing that the requested information is necessary, not simply that it would be helpful to the defense. See, e.g., United States v. Shteyman, No. 10-CR-347(SJ), 2011 WL 2006291, at *2 (E.D.N.Y. May 23, 2011); United States v. Rivera, No. 09-CR-619 (SJF), 2011 WL 1429125, at *8 (E.D.N.Y. Apr. 13, 2011). Furthermore, where the indictment and/or pretrial discovery provide the defendant with sufficient information as to the nature of the charges, a bill of particulars is unnecessary.

See United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999); United States v. Solomonyan, 451 F.Supp.2d 626, 641-43 (S.D.N.Y. 2006) (complaint and discovery were sufficient to put defendants on notice of charges against them).  Whether to allow a bill of particulars is a matter committed to the sound discretion of the district court.  See United States v. Ramirez, 609 F.3d 495, 502 (2d Cir. 2010); Shteyman, 2011 WL 2006291, at *2.

Here, defendants have not articulated what information they would like particularized, despite this Court's order that they do so.  See 7/2/12 Order.[2]  Nevertheless, because defendants' motions allude to particulars apprising a defendant of his overt acts and identifying allegedly fraudulent documents and transactions, see Khandrius Mot. ¶¶ 70, 74; Drivas Mot. ¶¶ 67, 71, the Court will assume for purposes of this motion that defendants seek to elicit such information through a bill of particulars.

Regarding overt acts allegedly committed by defendants, the case law makes clear that

---

[2]  In perfunctory and generic fashion at the conclusion of their respective omnibus motions, Drivas and Khandrius seek "permission to join in the motions of co-defendants to the extent such are consistent with [their] interest[.]" Khandrius Mot. ¶ 85; Drivas Mot. ¶ 82.  Katherina Kostiochenko, one of Drivas and Khandrius' co-defendants, has likewise filed an omnibus motion seeking, *inter alia*, a bill of particulars, see Declaration of Richard H. Rosenberg ("Rosenberg Decl.") ¶ 6, DE #237; her motions have been held in abeyance while she and the Government engage in plea discussions.  See Letter Requesting Extension of Time to Respond to Kostiochenko Pre-Trial Motion (July 6, 2012), DE #289; Letter as to Katherina Kostiochenko (June 21, 2012), DE #275.  Drivas and Khandrius have not expressly joined Kostiochenko's request for a bill of particulars, let alone specified which of those particulars they are seeking.  As defendants have flouted this Court's 7/2/12 Order directing them to identify in writing what information they want particularized, see 7/2/12 Order; *supra* p. 4, the Court will not construe their motions as adopting the particulars sought by Kostiochenko -- particularly in light of the fact that most of those particulars relate specifically to Kostiochenko.  See Rosenberg Decl. ¶¶ 6(c)-(e), 6(g)-(k).

the "wheres, whens, and with whoms" that defendants presumably want answered are beyond the scope of a bill of particulars. See United States v. Kazarian, No. 10 Cr. 895(PGG), 2012 WL 1810214, at *26 (S.D.N.Y. May 18, 2012) (rejecting request for bill of particulars seeking defendant's alleged role in Medicare conspiracy); Rivera, 2011 WL 1429125, at *8; United States v. Volpe, 42 F.Supp.2d 204, 225 (E.D.N.Y. Mar. 3, 1999) (defendant's request for, among other things, information concerning respective roles and manner of participation of alleged conspirators "ignore[d] the proper scope and function of a bill of particulars"). While the Criminal Complaint and Superseding Indictment do not specify Khandrius' precise role in the alleged scheme, the charging instruments do reveal the nature, time-frame and location of the conspiracy, which is sufficient to defeat a demand for a bill of particulars. See United States v. Al Jaber, 436 F.App'x 9, 12 (2d Cir. Aug. 25, 2011) (no bill of particulars necessary where indictment identified nature, time-frame and location of conspiracy); see also United States v. Cephas, 937 F.2d 816, 823 (2d Cir. 1991) ("Although the government did not list the specific activities which showed how [the defendant] furthered the criminal enterprise or conspiracy, such specific acts need not be alleged with respect to every named defendant, if the indictment is otherwise sufficient and names the other persons involved in the criminal activity.").

As for the specification of fraudulent transactions, defendants both state that a bill of particulars "may be appropriate where the indictment does not identify specific documents and transactions the Government contends are fraudulent." Khandrius Mot. ¶ 74 (citations omitted); Drivas ¶ 71 (citations omitted). In the context of health care fraud prosecutions,

courts have concluded that defendants are entitled to information identifying the medical claims that the prosecution contends were fraudulent. See United States v. Nekritin, No. 10-CR-491(S-1) (KAM), 2011 WL 1674799, at *8 (E.D.N.Y. May 3, 2011); United States v. Nachamie, 91 F.Supp.2d 565, 571 (S.D.N.Y. 2000); cf. United States v. Savin, No. 00-CR-45(RWS), 2001 WL 243533, at *3 (S.D.N.Y. Mar. 7, 2001) (without bill of particulars, defendant would "be forced to comb through [] vertible mountain of documents and to attempt to guess which of the numerous transactions documented therein . . . are alleged by the government to have been improper."). However, that information need not be set forth in a bill of particulars "where the [G]overnment has made sufficient disclosures . . . by other means." United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004) (quoting Walsh, 194 F.3d at 47); accord, e.g., Shteyman, 2011 WL 2006291, at *3; Nekritin, 2011 WL 1674799, at *7. Thus, in two recent health care fraud cases prosecuted in this District, courts have denied requests for information identifying the specific claims alleged to be fraudulent where that information had been supplied to the defendants in the charging instruments and/or pretrial discovery. See Shteyman, 2011 WL 2006291, at *6; Nekritin, 2011 WL 1674799, at *8; see also Kazarian, 2012 WL 1810214, at *25.

In this case, the Government has provided the defense with a list of the patients who allegedly were paid kickbacks for medical services provided by Drivas at the Clinics, where Khandrius was employed, see Gov. Opp. at 19, and has represented that "all the transactions billed to Medicare by Bay Medical [were] fraudulent, as [that] clinic existed primarily to commit fraud." Id. This disclosure is sufficient to vitiate defendants' demand for particulars

"identify[ing] specific documents and transactions the Government contends are fraudulent." Drivas Mot. ¶ 71; Khandrius Mot. ¶ 74. See Shteyman, 2011 WL 2006291, at *4 (denying bill of particulars as to calculation of losses from Medicare scheme where "the Government has stated that it is its position that [the clinic's] only business was to bilk the Medicare Program."). Neither Drivas nor Khandrias has asked for anything more. See Khandrius Mot. ¶¶ 64-75; Drivas Mot. ¶¶ 64-72.[3]

In sum, despite ample opportunity, defendants have not identified what information they seek to elicit through a bill of particulars, nor have they otherwise established that the information sought is necessary to enable them to understand the nature of the charges against them. Cf. Ramirez, 609 F.3d at 502 (affirming district court's denial of a bill of particulars, where defendant could not identify which charge required clarification). Therefore, defendants are not entitled to a bill of particulars.

## CONCLUSION

For the reasons stated above, the respective motions of Drivas and Khandrius for bills of particulars are denied.

---

[3] In contrast, other defendants have requested, and obtained, the Government's assistance in directing their counsel's attention to specific portions of the Government's discovery production. See Gov. Opp. at 19; see also Letter to AUSA Meyer and Trial Attorney Hall, confirming information supplied in lieu of a bill of particulars (Apr. 5, 2012), DE #209; Letter to AUSAs Meyer and Hall confirming information provided by the government concerning what financial transactions involving checks are alleged to constitute money laundering attributable to Mr. Kornev (Apr. 22, 2012), DE #211.

Any objections to the recommendations contained in this Memorandum and Order must be filed with the Honorable Nina Gershon on or before **August 6, 2012**. Failure to file objections in a timely manner may waive a right to appeal the District Court order.

**SO ORDERED.**

Dated: Brooklyn, New York
July 19, 2012

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**